IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMYIA CRENSHAW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0731-L |
| | § | |
| LEONARD ANDERSON *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT CITY OF DALLAS'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Dallas ("City"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this Reply in Support of its Motion to Dismiss Plaintiff's Complaint (ECF No. 7, "Motion"), and respectfully shows the Court as follows:

## I.     SUMMARY OF REPLY

Plaintiff's Response (ECF No. 11) to the City's Motion cites no Supreme Court or Fifth Circuit authority—or case law from any jurisdiction—that even suggests the City's employees' actions for which he sues were unconstitutional. Moreover, the Response fails to point to any acts or omissions that affirmatively demonstrate a waiver of the City's governmental immunity under the Texas Tort Claims Act. Plaintiff, therefore, cannot maintain any claims against the City under federal or state law.

Regardless, even had Plaintiff plausibly alleged a constitutional violation, the Response points only to conclusory statements in his Complaint about the City's record, which is insufficient to plausibly state a *Monell* claim.

Plaintiff's claims against the City must be dismissed.

## II.      ARGUMENT AND AUTHORITIES

### a.  Nothing in the Response points to case law and facts alleged in the Complaint from which this Court can infer Plaintiff's constitutional rights were violated.

No plaintiff may maintain a section 1983 claim against any person or governmental entity without a constitutional violation. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 464-66 (5th Cir. 2010). The Response dedicates roughly a page to the central question of whether Plaintiff suffered a violation of his Fourth Amendment rights, and summarizes his claim as follows:

> In the present case, Plaintiff was seized when the Defendants caused his vehicle to crash by initiating their high-speed pursuit. When Plaintiff's vehicle crashed, it was set ablaze, trapping Plaintiff inside and completely curtailing Plaintiff's ability and freedom to exit his vehicle and walk away. Trapping Plaintiff inside a burning vehicle certainly constitutes a seizure for Fourth Amendment purposes.

Resp. at 13-14 (citing "Dkt. No. 1.").

While Plaintiff's Response cites forty-two cases (*id*. at iii-v.), it fails to reference *a single decision* by either a federal or state court that supports the contention that the alleged actions giving rise to Plaintiff's claims constitute a violation of Plaintiff's Fourth Amendment rights— specifically, the right to be free from unreasonable seizures, including the use of excessive force. Indeed, the Response does not cite any case where a law enforcement officer's involvement in a car chase scenario could potentially lead to liability. This lack of citation is no surprise, considering the clear precedent set by both the Supreme Court and Fifth Circuit in Fourth Amendment case law, which squarely rejects such claim.

Similarly, the Response fails to cite any legal precedent indicating that a law enforcement officer has a duty under the Fourth of Fourteenth Amendment to render aid when a fleeing fugitive is subsequently injured during an attempt to apprehend them. Resp. at 14-15. Indeed, the Response does not even address the Motion's reference to the Supreme Court's decision in *County of Sacramento v. Lewis*, where the Court addressed "whether a police officer violates the Fourteenth

Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender" and "answer[ed] no . . ." 523 U.S. 833, 836 (1998).

As demonstrated in the Motion, Plaintiff's § 1983 claims falter at the outset because of the lack of plausible allegations that any City employee violated his constitutional rights. Plaintiff's Response fails to point to any facts in the Complaint to overcome Plaintiff's burden and his *Monell* claims against the City must be dismissed.

> **b. Plaintiff's Response fails to point to any facts in the Complaint from which this Court can reasonably infer the City maintained a pattern or practice of the alleged unconstitutional acts.**

Plaintiff's Complaint alleges, without citing either a written policy or a widespread pattern or practice, a myriad of *Monell* theories, from the common failure-to-train allegations to a claim for something called "fail[ure] to implement appropriate retention efforts." *See* Resp. at 6-7 (citing Compl.). Even assuming arguendo that Plaintiff alleged that an unconstitutional act caused him injury, which the City denies, his claims nevertheless fail. Here, Plaintiff attempts to establish municipal liability under § 1983 by showing a City custom. However, Plaintiff's Response fails to point to facts in the Complaint to meet *Monell*'s prerequisite of a pattern or facts from which the Court can reasonably infer a widespread practice of unconstitutional behavior sufficient to constitute a municipal policy. To establish a custom, the alleged "pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (cleaned up). The Response fails to cite any prior instance of a remotely similar scenario, where a City employee pursued a fleeing fugitive but did not apprehend them, resulting

in injuries after the fugitive lost control of their vehicle and crashed. As such, Plaintiff's *Monell* claims additionally fail for a lack of an unconstitutional City policy.

      **c.  Plaintiff's Response fails to point to facts in the Complaint from which this Court can reasonably infer the City was the "moving force" behind Plaintiff's injuries.**

As demonstrated in the Motion, Plaintiff failed to plausibly plead that a municipal policy was the moving force behind his injuries. Plaintiff's Response merely points to conclusory statements in the Complaint alleging that City policies caused his injuries. As the Court has explained, "allegations in support of 'moving force' [that] consist of mere legal conclusions . . . do not satisfy the pleading requirements discussed in *Iqbal* and *Twombly*." *Monacelli v. City of Dallas*, No. 3:21-CV-02649-L (BT), 2023 WL 6563410, at *11 (N.D. Tex. Sept. 1, 2023), *report and recommendation adopted*, No. 3:21-CV-2649-L, 2023 WL 6370753 (N.D. Tex. Sept. 29, 2023). For this reason, Plaintiff's claims similarly fail.

      **d.  Plaintiff's Response fails to point to facts in the Complaint from which this Court can reasonably infer the City could be liable for any state law claims.**

The Response does not point this Court to any authority that contravenes the well-settled authority under Texas law cited in the City's Motion that a fugitive's injuries resulting from a chase are not the result of any act for which immunity is waived. *See* Mot. at 20-24. Instead, the Response avers that the procedural posture of these claims renders the cited authority inapplicable in the context of a rule 12(b)(6) motion. Resp. at 15-17. Plaintiff does not cite any authority for this proposition, and the City is unaware of any federal authority holding that a state court's decisions are not controlling because of this—or any—procedural posture.

In Texas, "an assertion of governmental immunity from suit challenges the trial court's exercise of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. Whether a trial court has subject matter jurisdiction *is a question of law* . . ." *Teague v. City of Dallas*, 344

S.W.3d 434, 437 (Tex. App. 2011) (cleaned up). Each of the cases cited in the City's Motion turn on whether Texas law has waived a municipality's immunity under the facts claimed. *See, e.g. City of Dallas v. Hillis,* 308 S.W.3d 526 (Tex. App.—Dallas 2010, pet. denied) (citing Texas law and holding that "[t]he causal nexus is not satisfied by the mere involvement of a vehicle, nor by an operation or use that 'does no more than furnish the condition that makes the injury possible.'" *Id.* at 532 (citation omitted).

The Response provides no substantive explanation for why these opinions—all of which hold to the same principles that injuries like Plaintiff's are not the result of violations of state law— are not applicable. For the reasons stated in the City's Motion, the City is entitled to governmental immunity and Plaintiff's state law claims must be dismissed for lack of subject matter jurisdiction.

### e.   Plaintiff has not properly moved this Court to amend his Complaint.

Plaintiff concludes his Response with a request to amend his complaint should this Court find his pleading insufficient, specifically, "Plaintiff respectfully asks that this Court allow Plaintiff the opportunity to amend its [*sic*] Complaint." Resp. at 19 (citation omitted). However, under this Court's local civil rules, when "a party files by electronic means a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit." Local Civ. R. LR 15.1(b). Plaintiff has not included a proposed amended pleading.

Regardless, rule 15(a) of the Federal Rules of Civil Procedure requires the Court to freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981). One such reason, salient here, is futility: "If the complaint, as amended,

would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The City urges the Court to deny amendment here because no good-faith amendment could plead factual content sufficient to allow the court to reasonably infer the City is liable. The central facts of this case are as follows: Plaintiff ran away from police, crashed his car, and suffered injuries as a result. There is no Supreme Court or Fifth Circuit authority that recognizes a Fourth or Fourteenth Amendment claim under this scenario. Similarly, there is no authority under Texas state law holding that a municipality's governmental immunity is waived under these facts. As such, amendment would be futile. *Martinez*, 71 F.4th at 391 (affirming denial of amendment, stating: "We therefore ask whether, in his proposed amended complaint, [plaintiff] has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV.    CONCLUSION

Plaintiff's Response points to no factual allegations in the Complaint or legal authority to state a plausible claim against the City. Plaintiff has not alleged facts which show, or from which this Court can reasonably infer, that a City employee violated his constitutional rights, or that a City policy was the "moving force" behind his injuries. Furthermore, Plaintiff has failed to allege facts to show a waiver of governmental immunity under Texas state law. Therefore, for the reasons stated in the City's Motion and this reply, the Court should dismiss all of Plaintiff's claims against the City with prejudice.

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
City Attorney

*/s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov

7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-1236
Facsimile:    214-670-0622
*Attorneys for Defendant City of Dallas*

## CERTIFICATE OF SERVICE

I certify that on June 4, 2024, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*s/ J. Cheves Ligon*
J. Cheves Ligon