UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMIYA CRENSHAW | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § § | Civil Action No. 3:24-CV-731-L |
| LEONARD ANDERSON, DARRIEN ROBERTSON, AND THE CITY OF DALLAS, | § § § § § | |
| *Defendants.* | § § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS LEONARD ANDERSON AND DARRIEN ROBERTSON'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Plaintiff Tomiya Crenshaw files this, his Response to Defendants Leonard Anderson and Darrien Robertson's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 12, "Motion"), and in support thereof would respectfully show the Court as follows:

MCCATHERN, PLLC

*/s/Carl L. Evans, Jr.*
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Alizbeth A. Guillot
State Bar No. 24138578
aguillot@mccathernlaw.com
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

1

**BEN CRUMP LAW, PLLC**
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

**COUNSEL FOR PLAINTIFF**

**TABLE OF CONTENTS**

| | |
|---|---|
| I. SUMMARY OF THE ARGUMENT | 6 |
| II. FACTUAL AND PROCEDURAL BACKGROUND | 7 |
| III. RULE 12(B)(6) STANDARD | 8 |
| IV. ARGUMENTS AND AUTHORITIES | 10 |
|    A. Plaintiff's Complaint Properly States a Section 1983 Claim | 10 |
|       1. Plaintiff's Complaint Sufficiently Alleges Facts From Which the Court May Plausibly Infer That His Constitutional Rights Were Violated | 11 |
|         i. Defendants' "State-Created Danger" Argument Fails | 11 |
|         ii. Plaintiff Has Alleged Facts From Which the Court May Plausibly Infer His Fourth Amendment Rights Were Violated | 12 |
|         iii. Plaintiff Had a Fourteenth Amendment Right to Receive Emergency Medical Aid from Defendants | 13 |
|    B. Plaintiff's Complaint Alleges Sufficient Facts to Overcome Defendants' Qualified Immunity Defense | 14 |
| V. CONCLUSION | 16 |

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 9

*Baskin v. City of Houston, Mississippi*, 378 Fed. Appx. 417 (5th Cir. 2010) ................................. 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 9

*Beltran v. City of El Paso*, 367 F.3d 299 (5th Cir. 2004) ............................................................... 9

*Brower v. Cnty. of Inyo*,
  489 U.S. 593 (1989) ................................................................................................................ 12

*Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008) ....................................................................... 15

*Buttross v. Great Lakes Ins. SE*,
  No. 1:22-CV-00086-BU, 2022 WL 16749045 (N.D. Tex. Oct. 14, 2022) ............................... 8

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) ...................................................................... 9

*DeShaney v. Winnebago Cnty. Dep't of Soc. Services*, 489 U.S. 189 (1989) ................................ 9

*Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471 (E.D. Tex. 2022) ................................... 9

*Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*,
  894 F.3d 665 (5th Cir. 2018) .................................................................................................... 9

*Fisher v. Moore*,
  73 F.4th 367 (5th Cir. 2023) ................................................................................................... 11

*Flores v. City of Palacios*,
  381 F.3d 391 (5th Cir. 2004) .................................................................................................. 12

*Harper v. McAndrews*,
  499 F. Supp. 3d 312 (E.D. Tex. 2020) .................................................................................... 13

*Hope v. Pelzer*, 536 U.S. 730, 740 (2002) ................................................................................... 14

*Ikerd v. Blair*,
  101 F.3d 430 (5th Cir. 1996) .................................................................................................. 12

*In re Supreme Beef Processors, Inc.*,
  468 F.3d 248 (5th Cir. 2006) .................................................................................................... 9

*Kinney v. Weaver*, 367 F.3d 337, 349–50 (5th Cir. 2004) ............................................................ 14

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*,
  07 U.S. 163 (1993) .................................................................................................................. 10

*Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268 (5th Cir. 2015) ................................ 10

*Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) .............................................................. 14

*Morrow v. Meachum*, 917 F.3d 870 (5th Cir. 2019) .................................................................... 10

*Nerren v. Livingston Police Dep't*, 86 F.3d at 469, 473 (5th Cir. 1996) ..................................... 15

*R. & R. adopted*, No. 1:22-CV-086-H-BU, 2022 WL 16752849 (N.D. Tex. Nov. 7, 2022) .......... 8

*Reese v. Anderson*,
  926 F.2d 494 (5th Cir. 1991) .................................................................................... 10

*Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122 (5th Cir. 2014)....................................................... 10

*Scott v. Harris*, 550 U.S. 372 (2007) ........................................................................................ 10, 12

*Sosa v. Coleman*,
  646 F.2d 991 (5th Cir. 1981) ...................................................................................... 8

*Tanglewood E. Homeowners v. Charles-Thomas, Inc.*,
  849 F.2d 1568 (5th Cir. 1988) ...................................................................................... 8

*Tennessee v. Garner*,
  471 U.S. 1 (1985).......................................................................................................... 12

*Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021)................................................................. 14

*Torres v. Madrid*, 592 U.S. 306 (2021) ........................................................................................ 10

*Watson v. Bryant*, 532 Fed. Appx. 453 (5th Cir. 2013) ............................................................... 10

**Statutes**

42 U.S.C. § 1983................................................................................................................ 6, 10, 11, 12

Tex. Transp. Code §§ 547.302, 547.004 ................................................................................. 15

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... passim

Fed. R. Civ. P. 15(a)(2)........................................................................................................ 16

Fed. R. Civ. P. 8(a) ........................................................................................................ 8, 10

I.  SUMMARY OF THE ARGUMENT

"That's his fault." This is the statement by senior police officer Leonard Anderson to trainee Darrien Robertson as they looked at Plaintiff's vehicle burning after it had crashed. Instead of accepting the responsibility that they had caused this crash to occur after engaging in a needless and reckless high-speed chase, these officers acted with utter indifference to Plaintiff's life and drove in the opposite direction instead of rushing to help Plaintiff. This vile action deprived Plaintiff of his constitutional rights and caused him to be seized and then left for dead despite the fact that the officers caused this collision to occur. Unfortunately, this is not the first time that officers for the Dallas Police Department have turned a blind eye to injuries and needs of those that they have in their custody or care. Defendants must be held accountable for this deliberately indifferent behavior to Plaintiff's constitutional rights.

Defendants' Motion to Dismiss is mainly composed of smoke screens and red herring arguments that have no relevant connection to Plaintiff's pleadings, which must be the main focus in a Rule 12(b)(6) inquiry. Motions to dismiss are rarely granted, as the only requirement is that the complaint states a plausible claim. When read in the proper light, Plaintiff's Complaint sets forth more than sufficient grounds to assert § 1983 claims against Defendants.

When construed liberally, Plaintiff's Complaint paints a more than sufficient picture of the egregious actions by Defendants which give rise to a plausible claim for relief. Our Courts and our cities should be encouraging officers such as Defendants to run to render aid to those in need, especially where, as here, Defendants' actions caused the need for such aid in the first place. For these reasons and those more fully explained below, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case stems from the reprehensible and unlawful actions of Defendant City of Dallas, Defendant Leonard Anderson ("Anderson"), Defendant Darrien Robertson ("Robertson", and together with Anderson, collectively the "Defendants") that occurred on May 13, 2022. On that date, Defendants Anderson and Robertson were engaged in a routine patrolling assignment when they noticed a red car, driven by Plaintiff Tomiya Crenshaw ("Plaintiff") pass by without a headlight on. Defendants Anderson and Robertson then pulled out behind Plaintiff's car and activated their emergency lights and sirens, ultimately engaging in a high-speed pursuit of Plaintiff.

Defendants Anderson and Robertson pursued Plaintiff for several blocks before eventually turning off their emergency lights and sirens. Although their emergency lights and sirens were no longer on, Defendants Anderson and Robertson continued to pursue Crenshaw. Defendants Anderson and Robertson did not stop pursuing Plaintiff until they caused his car to crash. Indeed, it was only once Plaintiff's car had crashed and was engulfed in flames did the pursuit stop. However, instead of stopping to assess and help remedy the fiery situation which they had created, Defendants Anderson and Robertson brushed off the incident by saying, "That's his fault," and then simply turned onto a different street and drove away, leaving Plaintiff to nearly die inside of his burning vehicle.

As a result of Defendant's heinous conduct, Plaintiff has suffered third-degree burns on over fifty percent (50%) of his body. Some of Plaintiff's burns go all the way down to his bones— particularly those sustained from his waist down. Additionally, Plaintiff has suffered a broken arm, leg, collar bone, hip, and several ribs. As a result of such injuries, Plaintiff had to be hospitalized from May 13, 2022, to September 3, 2022. Since the incident, Plaintiff has undergone over twenty (20) different surgeries and is still receiving outpatient treatment for his injuries. Additionally,

Plaintiff—a once healthy 23-year-old—must now use a wheelchair and/or walker to perform many daily activities he previously had no problem with. Plaintiff anticipates past and future medical bills and expenses, past and future disfigurement, past and future physical limitations and/or incapacity, and past and future pain and suffering and mental anguish.

Accordingly, Plaintiff filed his Original Complaint ("Complaint") against Defendant City of Dallas, Defendant Anderson, and Defendant Robertson on March 27, 2024. On June 3, 2024, Defendants Anderson and Robertson filed their Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), and Plaintiff files this Response in Opposition to Defendants Leonard Anderson and Darrien Robertson's Motion to Dismiss ("Response").

### III.    RULE 12(B)(6) STANDARD

"A motion to dismiss for failure to state a claim 'is viewed with disfavor, and is rarely granted.'" *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988) (quoting *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981)). The purpose of a Rule 12(b)(6) motion to dismiss is to test the formal sufficiency of a complaint, not to decide the merits of the case. *See Buttross v. Great Lakes Ins. SE*, No. 1:22-CV-00086-BU, 2022 WL 16749045, at *3 (N.D. Tex. Oct. 14, 2022), *R. & R. adopted*, No. 1:22-CV-086-H-BU, 2022 WL 16752849 (N.D. Tex. Nov. 7, 2022) (stating that the motion is not to be used as "a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"). To be granted, a motion to dismiss under Rule 12(b)(6) must establish that the complaint fails to meet the liberal notice pleading standard of Rule 8(a)(2) , which merely requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The 12(b)(6) "pleading standard should not be robotically applied, however, so as to overwhelm a plaintiff's right to adjudicate her claim on the merits." *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 486

8

(E.D. Tex. 2022). As such, in reviewing a 12(b)(6) motion to dismiss, courts have "an affirmative duty to ask whether it 'appears *certain*' that plaintiff '*cannot* prove *any* set of facts' that would entitle her to legal relief." *Id.* (quoting *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (emphasis in original).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts alleged in a plaintiff's complaint and must draw all reasonable inferences in favor of the plaintiff. *See Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). When the factual matter contained within the complaint, accepted as true, states a claim for relief that is plausible on its face, a Court must deny a motion to dismiss under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has facial plausibility when it allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* The allegations need not contain detailed, factual allegations, and the right to relief need not be probable. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the "allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

Defendants attempt to subject Plaintiff to a higher standard than is required or permitted under Rule 12(b)(6). Indeed, ten of the thirty cases that Defendants cite in support of their arguments that Plaintiff's claims should be dismissed involve an appeal of a trial court's decision on a motion for summary judgment. *See Baskin v. City of Houston, Mississippi*, 378 Fed. Appx. 417 (5th Cir. 2010) (appeal from summary judgment); *Beltran v. City of El Paso*, 367 F.3d 299 (5th Cir. 2004) (appeal from summary judgment); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) (appeal from summary judgment); *DeShaney v. Winnebago Cnty. Dep't of Soc. Services*, 489 U.S. 189 (1989) (appeal from summary judgment); *Mason v. Lafayette City-Par. Consol.*

9

*Gov't*, 806 F.3d 268 (5th Cir. 2015) (appeal from summary judgment); *Morrow v. Meachum*, 917 F.3d 870 (5th Cir. 2019) (appeal from summary judgment); *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122 (5th Cir. 2014) (appeal from summary judgment); *Scott v. Harris*, 550 U.S. 372 (2007) (appeal from summary judgment); *Torres v. Madrid*, 592 U.S. 306 (2021) (appeal from summary judgment); *Watson v. Bryant*, 532 Fed. Appx. 453 (5th Cir. 2013) (appeal from summary judgment)

Reliance on such cases is improper, because it is well established that "the evidentiary burden on the non-movant in a summary judgment motion is significantly greater than in a motion to dismiss." *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991). As such, these cases do not support dismissal at the pleading stage; if anything, they show that the Fifth Circuit and its district courts routinely allow Section 1983 claims to proceed to discovery. Additionally, it is well established that Section 1983 claims are not subjected to a higher pleading standard. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) (holding that, "[a] federal court may not apply a 'heightened pleading standard'—more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a)—in civil rights cases alleging municipal liability under § 1983").

This Court should not be swayed by Defendant's attempt to raise the pleading standard that Plaintiff's Complaint is subject to. Instead, this Court should simply apply the well-settled standard set forth above in determining the Complaint's sufficiency under Rule 12(b)(6).

### IV.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiff's Complaint Properly States a Section 1983 Claim**

Under Section 1983, every person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." See 42. U.S.C. § 1983. As demonstrated below, Plaintiff's Complaint has plausibly alleged facts from which this Court may infer that Defendants caused Plaintiff's constitutional rights to be violated. As such, Defendants' Motion should be denied.

> 1. **Plaintiff's Complaint Sufficiently Alleges Facts From Which the Court May Plausibly Infer That His Constitutional Rights Were Violated**

Defendant alleges that Plaintiff's Complaint fails to "allege facts from which this Court may plausibly infer that a constitutional violation occurred." *See* Dkt. No. 12 at 5. However, as demonstrated below and as evidenced by simply reading Plaintiff's Complaint, Plaintiff has plausibly alleged that his Fourth and Fourteenth Amendment rights were violated.

> i. **Defendants' "State-Created Danger" Argument Fails**

Defendants allege that, because the facts and allegations set forth in Plaintiff's Complaint "resemble" a "state-created danger" theory of liability, Plaintiff's claims should be dismissed. *See* Dkt. No. 12 at 6. However, Defendants' argument is nothing more than a smoke screen and does not support dismissal under Rule 12(b)(6).

Plaintiff does not contend—either in his Complaint or in this Response—that he is proceeding under a "state-created danger" theory to impose liability against Defendants. Contrary to Defendants' assertion, Plaintiff's claims do not even remotely "resemble" those brought under that theory, because the "state-created danger" theory is "an exception to the general rule that the government has no duty under the Due Process Clause to protect people from *privately* inflicted harms." *Fisher v. Moore*, 73 F.4th 367, 368–69 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 569, 217 L. Ed. 2d 303 (2024) (emphasis added). Clearly, Plaintiff does not allege in his Petition that his injuries were inflicted by some private, third-party. Instead, Plaintiff is claiming that Defendants directly injured Plaintiff themselves and violated his constitutional rights.

11

### ii. Plaintiff Has Alleged Facts From Which the Court May Plausibly Infer His Fourth Amendment Rights Were Violated

The Fourth Amendment guarantees citizens the right to be free from unreasonable searches and seizures, including the right to be free from the use of excessive force by law enforcement. *See Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996). To bring a claim under Section 1983 for excessive force in violation of the Fourth Amendment, a Plaintiff must show that he was seized. *See Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). "Whenever an officer restrains the freedom of a person to walk away, he has seized that person." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). Additionally, the termination of freedom of movement must be accomplished "through means intentionally applied." *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 596–97 (1989).

In the present case, Plaintiff was seized when the Defendants caused his vehicle to crash by initiating their high-speed pursuit. Defendants' assertion in their Motion that, "[t]he pursuit did not curtail Plaintiff's freedom of movement," is completely false. Dkt. No. 12 at 7. Indeed, when Plaintiff's vehicle crashed, it was set ablaze, trapping Plaintiff inside and *completely* curtailing Plaintiff's ability and freedom to exit his vehicle and walk away. Dkt. No. 1. Trapping Plaintiff inside a burning vehicle certainly constitutes a seizure for Fourth Amendment purposes.

In their Motion, Defendants say that in *Brower v. County of Inyo*, the United States Supreme Court addressed a "strikingly similar situation." Dkt. No. 12 at 7. However, the Supreme Court in *Brower* held that the plaintiff was seized. *See Brower*, 489 U.S. at 599. In further support of their argument that Plaintiff was not seized, Defendants cite *Scott v. Harris*. Dkt. No. 12 at 9. However, in that case—which was decided at the summary judgment stage—there was no dispute that a seizure had occurred. *See Scott v. Harris*, 550 U.S. 372, 381 (2007) ("[petitioner] does not contest that his decision to terminate the car chase by ramming his bumper into respondent's

vehicle constituted a 'seizure'"). Thus, Defendants have not shown that the Complaint does not put forth a plausible claim to overcome the motion to dismiss.

Additionally, Plaintiff has plausibly pled facts from which this Court may infer that the Defendants' conduct was intentional. That Defendants left the scene of the fiery accident which they caused, coupled with their callous comments following the accident, demonstrate Defendants' intent. Dkt. No. 1 ¶ 27. The means intentionally employed by Defendants—namely, chasing after Plaintiff to the point where his car crashed—are the exact means which caused Plaintiff's termination of his freedom of movement. Accordingly, Plaintiff's Complaint plausibly pleads that he was seized within the meaning of the Fourth Amendment.

### iii. Plaintiff Had a Fourteenth Amendment Right to Receive Emergency Medical Aid from Defendants

Defendants' next argument is that Plaintiff had no right to receive, and Defendants Anderson and Robertson had no duty to provide, emergency medical aid, because Plaintiff was never seized. Dkt. No. 12 at 11. As explained above, however, Plaintiff's Complaint has alleged enough facts for this Court to reasonably infer that Plaintiff was seized.

Even if Plaintiff was not seized under the Fourth Amendment, the caselaw discussing the right to receive medical treatment does not explicitly provide that the right to such treatment is limited to persons who have been subject to a Fourth Amendment seizure. *See Harper v. McAndrews*, 499 F. Supp. 3d 312, 328 (E.D. Tex. 2020) ("An actionable failure to render medical aid requires (1) deliberate indifference; (2) which results in substantial harm."). No doubt under these standards, Plaintiff can more than show a failure to render aid arising to the level of a constitutional violation. Defendants knew that their reckless and baseless chase caused Plaintiff to crash and be engulfed in the flames. They also knew that this crash and the ongoing flames posed more than a substantial degree of risk of harm but actually were harming Plaintiff at the time. Yet,

13

these officers deliberately chose to ignore the pain and suffering Plaintiff was experiencing and decided to look at Plaintiff, state that it was "his fault," and drive off without rendering any aid whatsoever. *See* Dkt. No. 1 ¶ 5. The Chief of Police even admitted that the officers should have rendered aid. *See* Dkt. No. 1 ¶ 29. These facts and allegations more than sufficiently state a constitutional violation.

### B.  Plaintiff's Complaint Alleges Sufficient Facts to Overcome Defendants' Qualified Immunity Defense

To overcome the qualified immunity defense, Plaintiff need only allege that Defendants "violated a statutory or constitutional right, and … that the right was 'clearly established' at the time of the challenged conduct." *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)) (internal quotations omitted). To be considered "clearly established," "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *See id.* (quoting *Kinney v. Weaver*, 367 F.3d 337, 349–50 (5th Cir. 2004)). Additionally, "despite notable factual distinctions between the precedents relied on and the cases then before the Court," the "clearly established" prong is still satisfied, "so long as the prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights." *See id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)). As demonstrated above, Plaintiff's Complaint plausibly alleges that Defendants violated Plaintiff's constitutional rights. [supra cite]. As such, the first prong is satisfied.

Additionally, Plaintiff satisfies the second prong, because the rights which Defendants violated were clearly established at the time of the accident. Defendants' contention in their Motion that, "[e]ven if the Complaint sufficiently alleges the Officers committed constitutional violations…none of the rights were 'clearly established' at the time of the incident," is ludicrous

at best, because Plaintiff's right to receive medical care and right to be free from Defendants' use of excessive force were clearly established at the time of the accident. *See* Dkt. No. 12 at 13.

For example, in *Nerren v. Livingston Police Dep't*, the Fifth Circuit held that plaintiff had alleged a "violation of a clearly established right" when plaintiff alleged that "his face and chest were married with abrasions, he was in pain, and he informed the [defendant officers] that he needed medical attention." *Nerren v. Livingston Police Dep't*, 86 F.3d at 469, 473 (5th Cir. 1996). Additionally, the Court stated that "the police had subjective knowledge that [Plaintiff] had recently been involved in a multiple vehicle injury accident," but still denied the plaintiff medical care. *See id.* Here, the Defendants witnessed Plaintiff's car crash and catch fire and thus, they knew—or at the very least, should have known—that Plaintiff, who was then trapped in a burning car, needed medical attention. Nevertheless, the Defendants chose to simply turn a blind eye to Plaintiff and drive away.

Generally, "the right to be free from excessive force is clearly established." *See Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). However, Courts "judge the reasonableness of an officer's conduct by taking into account the 'tense, uncertain, and rapidly evolving' circumstances in which officers quickly determine the amount of force necessary in a particular situation. *See id.* The permissible degree of force depends on, among other things, the severity of the crime at issue and whether the suspect threatened the officer's safety. See id. Here, the "crime" at issue as a headlight violation, a minor traffic offense not deserving of even a fraction of the degree of force employed by Defendants. *See* TEX. TRANSP. CODE §§ 547.302, 547.004. Additionally, it can hardly be said that Plaintiff posed any threat to Defendants' safety—in fact, it was the Defendants who posed a threat to Plaintiff's safety by speeding after him in their patrol car at nighttime. See Dkt.

15

No. 1 ¶¶ 3, 25. Under these circumstances, the use of force used by the Defendants was not reasonable in any sense.

For these reasons, Plaintiff satisfies both prongs of the qualified immunity test. Accordingly, Defendants' Motion should be denied.

## V.   CONCLUSION

As demonstrated above, Plaintiff's Complaint is more than sufficient to survive dismissal under Federal Rule of Civil Procedure 12(b)(6). Accordingly, this Court should deny Defendants' Motion to Dismiss in its entirety.

Alternatively, should this Court determine that Defendants are entitled to dismissal on any of Plaintiff's claims, Plaintiff respectfully asks that this Court allow Plaintiff the opportunity to amend its Complaint. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend a pleading] when justice so requires.").

Respectfully submitted,

**MCCATHERN, PLLC**

*/s/Carl L. Evans, Jr.*
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
Alizabeth A. Guillot
State Bar No. 24138578
aguillot@mccathernlaw.com
Stephen Bergren
State Bar No. 24134428
sbergren@mccathernlaw.com
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

**BEN CRUMP LAW, PLLC**
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com

16

       Aaron Dekle
       State Bar No. 24100961
       aaron@bencrump.com
       5 Cowboys Way, Suite 300
       Frisco, Texas 75034
       (972) 942-0494 Telephone

**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

    I hereby certify that on June 24, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

       */s/ Carl L. Evans, Jr.*
       Carl L. Evans, Jr.

17