IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMYIA CRENSHAW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-731-L |
| | § | |
| LEONARD ANDERSON *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS LEONARD ANDERSON AND DARRIEN ROBERTSON'S REPLY IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Leonard Anderson and Darrien Robertson ("Defendants"), pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure and N.D. Tex. LR 7.1(f), file this Reply in Support

of their Motion to Dismiss Plaintiff's Complaint (ECF No. 12, "Motion"), and respectfully show

the Court as follows:

## I.       SUMMARY OF REPLY

Plaintiff's Response (ECF No. 15) fails to point to sufficient factual matter that, when

accepted as true, plausibly supports a legally recognizable federal claim. Indeed, Plaintiff's

Response cites no case law—from any jurisdiction—that holds (or even suggests) the Defendants'

actions for which he sues were unconstitutional. Plaintiff has therefore failed to state a claim upon

which relief can be granted on any of the federal claims alleged against Defendants. Accordingly,

Defendants' Motion should be granted, and this lawsuit dismissed.

## II.      ARGUMENT AND AUTHORITIES

### a.  Nothing in the Response points to case law and facts alleged in the Complaint from which this Court can infer Plaintiff's constitutional rights were violated.

The Response dedicates roughly one page to the central question of whether Plaintiff suffered a violation of his Fourth Amendment rights, and summarizes his claim as follows:

> In the present case, Plaintiff was seized when the Defendants caused his vehicle to crash by initiating their high-speed pursuit. Defendants' assertion in their Motion that "[t]he pursuit did not curtail Plaintiff's freedom of movement," is completely false. Indeed, when Plaintiff's vehicle crashed, it was set ablaze, trapping Plaintiff inside and *completely* curtailing Plaintiff's ability and freedom to exit his vehicle and walk away. Trapping Plaintiff inside a burning vehicle certainly constitutes a seizure for Fourth Amendment purposes.

Resp. at 13-14 (citations omitted) (emphasis in original).

While Plaintiff's Response cites thirty-three cases (*id.* at 4-5), it does not cite *a single* state or federal court decision finding these alleged actions amount to a violation of an individual's Fourth Amendment right to be free from unreasonable searches, seizures, or excessive force. Indeed, the Response fails to cite a case where a law enforcement officer's actions in a car chase scenario were deemed unconstitutional absent actual physical contact with either the suspect's person or vehicle. The reason is because Supreme Court and Fifth Circuit Fourth Amendment case law squarely forecloses any such claim.[1]

Similarly, the roughly single page that the Response devotes to Plaintiff's Fourteenth Amendment claim cites no case law indicating that an officer has a duty under the Fourteenth Amendment to render aid when a fugitive is subsequently injured while fleeing from law

---

[1] As one professor explained the state of the law,

> [e]ven after police have issued a command to stop that would otherwise qualify as the initiation of a seizure, *no doctrinally recognized seizure begins until the individual has submitted or the police have made intentional physical contact*. . . . Thus, an individual who runs after a command to stop has not been seized within the meaning of the Fourth Amendment.

Alice Ristroph, *The Constitution of Police Violence*, 64 UCLA L. Rev. 1182, 1197 (2017) (citations omitted) (emphasis added).

enforcement during an *attempted* seizure. Resp. at 13-14. Neither does the Response address *County of Sacramento v. Lewis*, cited in the Motion, where the Supreme Court addressed "whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender" and "answer[ed] no . . . ." 523 U.S. 833, 836 (1998).

Rather than considering established legal precedent from the Supreme Court and Fifth Circuit, Plaintiff claims Defendants are "subject[ing] Plaintiff to a higher standard than is required or permitted under Rule 12(b)(6)." Resp. at 9. Plaintiff seems to contend, without any citation, that because many of the cases Defendants cite involve summary judgment, the established legal principles they reference are irrelevant in the context of a motion to dismiss. However, a cursory examination of recent Fifth Circuit and this Court's jurisprudence on Rule 12(b)(6) reveals that a decision's procedural posture does not preclude the application of its legal holdings in a dismissal context. *See, e.g.*, *Moore v. City of Dallas, Tex.*, No. 23-10566, 2024 WL 913368, at *3 (5th Cir. Mar. 4, 2024) (upholding rule 12(b)(6) dismissal of common law tort claims against officer, citing *Shinn on Behalf of Shinn v. Coll. Station Indep. Sch. Dist.*, 96 F.3d 783, 785 (5th Cir. 1996), an appeal from summary judgment); *Monacelli v. City of Dallas*, No. 3:21-CV-2649-L, 2023 WL 6370753, at *1 (N.D. Tex. Sept. 29, 2023) (granting rule 12(b)(6) dismissal of *Monell* claims, citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 661 (1978), an appeal from "cross-motions for summary judgment."); *Rusanowsky v. City of Dallas*, No. 3:22-CV-01132-K, 2023 WL 2728722, at *5 (N.D. Tex. Mar. 30, 2023) (granting rule 12(b)(6) dismissal of *Monell* claims citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 381 (1989), an appeal from "[a] jury trial."); and *Vess v. City of Dallas*, No. 3:21-CV-1764-D, 2022 WL 625080, at *7 (N.D. Tex. Mar. 3, 2022) (granting rule 12(b)(6) dismissal of *Monell* claims, citing *Piotrowski v. City of*

*Houston*, 237 F.3d 567, 582 (5th Cir. 2001), an appeal from a jury trial). Defendants' Motion likewise cites Supreme Court and Fifth Circuit case law for purposes of determining applicable principles of law, not to "attempt to raise the pleading standard that Plaintiff's Complaint is subject to." Resp. at 10.

Lastly, despite Plaintiff's efforts to distinguish the case law cited in the Motion, their argument fails. First, the Response contends that *Brower v. County of Inyo*, 489 U.S. 593 (1989) is inapplicable because the Supreme Court held that the suspect had been "seized." Resp. at 12 (citing *Brower*, 489 U.S. at 599). However, as the Motion makes clear, the Supreme Court subsequently clarified its holding in *Brower*, explaining: "We did not even consider the possibility that a seizure could have occurred during the course of the chase because [. . .] that 'show of authority did not produce his stop.'" *California v. Hodari D.*, 499 U.S. 621, 628 (1991) (cleaned up). Second, the Response argues that *Scott v. Harris*, 550 U.S. 372 (2007) is inapposite because "there was not a dispute that a seizure had occurred." Resp. at 12. However, Defendants cited *Scott* as "instructive," emphasizing the Supreme Court's holding "that it was *the fleeing suspect who intentionally placed himself and others in danger* by ignoring warnings to stop and engaging in a reckless, high-speed flight that ultimately forced the officer to act." Mot. at 9 (emphasis in original). Further, the Motion distinguished *Scott*: "Here, unlike *Scott*, the Officers are not alleged to have ever touched Plaintiff, much less run him off the road." *Id*.

Because Plaintiff has failed to cite any case law that holds law enforcement officers who merely pursue a fleeing suspect effect a Fourth Amendment seizure during a vehicular pursuit *or* that officers have a Fourteenth Amendment duty to render aid to a fleeing suspect, he has failed to allege a plausible claim upon which relief can be granted under the Fourth or Fourteenth Amendment. Therefore, his section 1983 claims fail as a matter of law.

4

**b. Plaintiff's Response fails to point to any "clearly-established" case law that Defendants' actions could subject them to liability.**

The Fifth Circuit places a significant burden on plaintiffs to survive a rule 12(b)(6) based on qualified immunity:

> When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery. A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. Courts are obligated to implement a qualified immunity defense at the earliest possible stage of litigation, because qualified immunity means immunity from having to stand trial, not simply immunity from monetary liability.

> The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. The plaintiff must show (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.

*Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (cleaned up).

The Defendants' Motion makes clear that there is no case law supporting Plaintiff's claims that: (1) a car chase where the suspect does not yield constitutes a Fourth Amendment seizure; and (2) law enforcement officers have a Fourteenth Amendment duty to render aid to a fleeing suspect who is later injured. The Response cites no case law to the contrary. Therefore, the alleged rights underlying Plaintiff's claims cannot be reasonably described as "clearly established."

> A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

*Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015) (cleaned up).

Based on clearly established law, no reasonable officer at the time of the incident could have believed he had a constitutional duty to continue pursuing a fleeing suspect and ensure his safety in the event of a crash.

### c.   Plaintiff has not properly moved this Court to amend his Complaint.

At his Response's conclusion, should this Court find his pleading to be insufficient, "Plaintiff respectfully asks that this Court allow Plaintiff the opportunity to amend its [*sic*] Complaint." Resp. at 16 (citation omitted). However, under this Court's local rules, when "a party files by electronic means a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit." N.D. Tex. L.R. 15.1(b). Plaintiff has not included a proposed amended pleading.

Regardless, rule 15(a) requires that leave to amend be granted freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). So, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981). One such reason, salient here, is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

No good-faith amendment could change the central facts of this case: Plaintiff ran away from police, crashed his car, and suffered injuries as a result. No case law exists that would permit recovery under section 1983 or Texas state law for such an occurrence. As such, amendment would be futile. *Martinez*, 71 F.4th at 391 (affirming denial of amendment, stating "[w]e therefore ask

6

whether, in his proposed amended complaint, [plaintiff] has pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

## III.    CONCLUSION

Plaintiff's Response points to no facts or case law that permit a reasonable inference that Defendants are liable for an alleged deprivation of Plaintiff's constitutional rights under the Fourth or Fourteenth Amendments. Because Plaintiff has failed to state a plausible claim against the Defendants upon which relief can be granted, his Complaint must be dismissed.

Accordingly, for the reasons stated in Defendants' Motion and this reply, Defendants pray the Court grant their motion to dismiss under rule 12(b)(6), deny Plaintiff leave to replead, and dismiss this case against him with prejudice.

CITY ATTORNEY OF THE CITY OF DALLAS

TAMMY L. PALOMINO
City Attorney

*/s/ J. Cheves Ligon*
J. Cheves Ligon
Senior Assistant City Attorney
Texas State Bar No. 24070147
john.ligon@dallas.gov
7DN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone:   214-670-1236
Facsimile:   214-670-0622
*Attorneys for Defendants*