IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TOMYIA CRENSHAW,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-731-L** |
| § | |
| **LEONARD ANDERSON; DARRIEN** § | |
| **ROBERTSON; and CITY OF DALLAS,** § | |
| § | |
| Defendants. § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered on February 13, 2025, recommending that the court grant the pending Motions to Dismiss (Docs. 7, 12) and dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) the following claims, theories, and requests for relief by Plaintiff Tomyia Crenshaw ("Plaintiff") against Defendants Leonard Anderson, Darrien Robertson, and the City of Dallas ("Defendants") because they fail as a matter of law:

1. Excessive Deadly Force, pursuant to 42 U.S.C. § 1983 (Against Defendants Anderson and Robertson);

2. Failure To Render Medical Aid, pursuant to 42 U.S.C. § 1983 (Against All Defendants);

3. Municipal Liability, pursuant to 42 U.S.C. § 1983 (Against the City);

4. Texas Civil Practice and Remedies Code § 101.021, also known as the Texas Tort Claims Act ("TTCA") (Against the City);

5. Respondeat Superior (Against the City); and

6. Exemplary Damages.

Report 4 (citing Compl. ¶¶ 45-62.).

Order – Page 1

Specifically, the magistrate determined that Plaintiff's claims brought pursuant to § 1983—against Officers Anderson and Robertson based on excessive force and failure to render aid—fail because Plaintiff has not alleged any facts that would support a reasonable inference that the Officers violated Plaintiff's constitutional rights, as his allegations do not constitute a seizure under the Fourth Amendment, and the Officers had no duty under the Fourteenth Amendment to stop and render aid. The magistrate determined that Plaintiff's myriad claims of municipal liability against the City of Dallas similarly fail because he has not alleged a plausible constitutional violation upon which the City's municipal liability can be based, that is, Plaintiff does not plausibly allege that the City of Dallas maintained any unconstitutional policies or that such policies were the moving force behind his injuries. The magistrate judge determined that Plaintiff's TTCA claim against the City of Dallas fails because Texas law does not provide a waiver of sovereign or governmental immunity under the circumstances alleged by Plaintiff. Finally, the magistrate judge determined that Plaintiff's remaining Counts for "respondeat superior" and "exemplary damages" fail because a governmental entity cannot be held liable under a theory of respondeat superior; punitive damages are not an independent claim; and Texas, like most states, limits punitive damages to cases in which actual damages are found.[*]

The magistrate judge further recommends that the court deny Plaintiff leave to amend his pleadings pursuant to Federal Rule of Civil Procedure 15(a) as futile because there is no Supreme Court or Fifth Circuit authority that recognizes a Fourth or Fifth Amendment claim in the scenario that forms the basis for Plaintiff's claims, the essential facts are undisputed, and there are no facts that Plaintiff could plead that would allow the court to reasonably infer that Defendants are liable

---

[*] The court further notes that, even if Plaintiff could establish municipal liability against the City of Dallas, he could not recover exemplary or punitive damages against the City of Dallas in a § 1983 case against a municipality. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

**Order – Page 2**

for the conduct alleged. Additionally, the magistrate notes that Plaintiff could have amended his pleadings as a matter of course but chose not to do so, and he has not offered any explanation or provided a proposed amended complaint to demonstrate how he would cure the pleading deficiencies identified by Defendants' Motion and detailed in the Report.

No objections to the Report were received as of the date of this order, and the deadline for filing objections has expired. The 14-day period to object served as an opportunity for Plaintiff to object and inform the court how he intended to replead his case. Plaintiff, however, did neither. The court, therefore, agrees with the magistrate judge's determination that Plaintiff, who is represented by counsel, has pleaded his best case such that amendment would be futile. Moreover, permitting further amendment does nothing but unnecessarily delay resolution of this action. Accordingly, the court **denies** Plaintiff's request to amend his pleadings.

Having considered Defendants' Motions to Dismiss (Docs. 7, 12), the pleadings, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Thus, the court **grants** Defendants' Motions to Dismiss (Docs. 7, 12) and **dismisses with prejudice** all federal and states claims by Plaintiff against Defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**It is so ordered** this 6th day of March, 2025.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

Order – Page 3